STATE OF MAINE

KENNEBEC, ss.

SUPERIOR COURT
CRIMINAL ACTION
DOCKET NO. 00-062
DHM - KEN - 3/12/2003

AARON MILLER,

      Petitioner

    v.

STATE OF MAINE,

DONALD L. GARBRECHT
LAW LIBRARY

MAR 31 2003

ORDER ON MOTION TO
DISMISS PETITION FOR
POST-CONVICTION REVIEW

      Respondent

This matter is before the court on respondent's motion to dismiss the petition for post-conviction review. Subsequent to the filing of the motion, the petitioner, through counsel, was given the opportunity to file an amended petition which alleges three bases for characterizing an illegal sentence. First, the petitioner, while admitting the theft, asserts that the value of the property stolen, in consideration of depreciation, was no more than $9,800. Petitioner argues that he was not given an opportunity to prove the actual value of the property stolen. Secondly, based upon that assertion of value, the restitution award becomes excessive. The third ground is that the court ordered the petitioner to pay the entire restitution within the first 40 months of probation without a specific repayment plan and without regard to his ability to pay.

The respondent in its motion points out that the defendant pled guilty to a class B theft on January 27, 1999. In August of 1998 and January of 1999, 17-A M.R.S.A. § 362(2)(A) provides theft is a class B crime if the value of the property or services exceeds $10,000.

At the Rule 11 proceeding occurring on January 27, 1999, the court instructed the petitioner as follows:

Count II is a class B theft. In order to prove you guilty of that, the State would have to prove the following elements. That you obtained or exercised unauthorized control over property of Dead River Company, in other words, you took this property, you got control of it, and no one had told you that you were the authority to do so, specifically cigarettes and other tobacco products, a Tidell safe, and I have to admit I don't know a Tidell safe as opposed to any other kind, maybe we'll find out, customer checks, cash, and the State would have to prove that the total value was in excess of $10,000 because of the classification.

. . .

Now, Mr. Miller, do you understand the elements of the offenses? In other words, what the State would have to prove and do you understand what the maximum sentence could be for these charges?

A.    I do understand.

Later, in the proceeding, the court asked petitioner's counsel if he was satisfied that the State would be able to prove the material elements of the offenses that were charged. In his response, counsel suggested that there might be some issues of valuation which could be taken care of at time of sentencing. His final remarks in that regard were:

We get down close to the $10,000 line and I think it could fall either way at trial. We are not planning or intending to go to trial on that issue. I think those can be adequately considered at the time of sentencing.

Under law that existed at that time, further provisions of 17-A M.R.S.A. § 362(3)(A) state that theft is a class C crime if the value of the property or services is more than $2,000 but not more than $10,000. By his plea to a class B theft and the acceptance of that plea by the court, the defendant has unequivocally admitted that the value of the property stolen was at least $10,000. That having been established, as a matter of law, he has no basis to complain of an order of restitution in excess of $10,000.

At Mr. Miller's sentencing on April 30, 1999, the State's attorney explained the basis for his belief that damages to the victim, the Food Trend store, was in excess of $20,000. This was broken down and presented to the court as follows:

2

| | |
|---|---|
| Cigarettes | $2,600.00 |
| Cash | $6,258.68 |
| Food Stamps and Checks | $ 223.57 |
| Tiddel safe | $2,500.00 |
| Total | $11,466.25 Stolen |

| | |
|---|---|
| Missing by Food Trend after reporting to police | $5,000.00 |
| Cost of repairing ATM | $3,600.00 |
| Damages to premises | $1,000.00 |

| Recovered | |
|---|---|
| Cash | $2,100.00 |
| Cigarettes | About a third |

The State asked for restitution in the amount of $17,000.

The State presented a witness to provide evidence of uncharged criminal conduct as an aggravating factor for the petitioner's sentence. In response, the defendant took the stand, and testified, under oath, as to the uncharged criminal conduct. This testimony came after the State had requested restitution in the amount of $17,000 with substantiating figures. The defendant was given an opportunity to present his position with regard to sentencing and did take advantage of an opportunity to address the court. When the court announced the sentence, he misspoke and suggested the class B offense required a minimum of $20,000. He was corrected by the District Attorney with no comment by defense counsel. At the conclusion of the announcement of the sentence, defense counsel was asked if he had anything further. The response was to ask for the probation supervision fee which was established by the court. The court had previously waived the victim compensation surcharge by saying, " . . . in light of the substantial direct restitution that's being paid, I will waive those payments." Sentencing Transcript. p. 80. Given full opportunity to present evidence or at least an argument as to the value of the goods subject to the theft, the defendant waived such presentation by making no presentation.

3

The petitioner did not complain at the time of sentencing of the order to pay the entire restitution within the first 40 months of probation. The court is not aware of any legal requirement that a specific repayment plan must be made. In *State v. Berube*, 968 A.2d 509, it says that unless a court has evidence before it sufficient to support a finding that a restitution order would create a excessive financial hardship, it is authorized to impose restitution, in whole or in part, as compensation for economic loss. It is the burden of the State to produce evidence as to the extent of the loss and to prove by a preponderance of the evidence the causal connection between the loss and the offender's conduct. However. it is the burden of the defendant to produce evidence about any excessive financial hardship created by a restitution order. In the present case, there is a restitution order with a time for payment. The defendant was given an opportunity to assert his financial ability to pay such restitution and, in fact, asserted in his sentencing memorandum his ability to pay.

> Mr. Miller is a talented carpenter and is fully capable of learning a good living in that field. His Penobscot Bay Schooners, crafted at the Maine State Prison, sold well and for high prices at the prison store and are certainly of commercial quality. Primarily through these sales, Mr. Miller has managed to pay nearly $8,000 of the total of $10,000 restitution ordered in 1991.

Defendant's Sentencing Memorandum, April 30, 1999, p. 2.

> Mr. Miller is prepared to pay restitution and has demonstrated his willingness to do so by the substantial payment he has already made towards the 1991 restitution order. The amount set as the cap as restitution should, in fairness, be calculated based on the actual value of the safe, the actual tobacco products taken, and the recovery of large amounts of both money and cigarettes.

Defendant's Sentencing Memorandum, April 30, 1999, p. 12.

The entry will be:

Respondent's motion to dismiss petition is GRANTED.

Dated: March 10, 2003

Donald H. Marden
Justice, Superior Court

5

AARON MILLER
   vs
STATE OF MAINE

SUPERIOR COURT
KENNEBEC, ss.
Docket No   AUGSC-CR-2000-00061

## DOCKET RECORD

PL. DOB: 12/17/1956
PL. ATTY: RANDY ROBINSON
          CAMPBELL LAW OFFICE
          45 KALERS CORNER ROAD
          WALDOBORO ME 04572
          APPOINTED 09/27/2002

State's Attorney: DAVID CROOK

Filing Document: PETITION
Filing Date: 03/02/2000

Major Case Type: POST CONVICTION REVIEW

## Charge(s)

## Docket Events:

03/07/2000 FILING DOCUMENT -  PETITION FILED ON 03/02/2000

03/07/2000 JUDICIAL -  REVIEW SENT FOR REVIEW ON 03/07/2000

03/13/2000 JUDICIAL -  ASSIGNMENT ASSIGNED TO DOCKET ON 03/10/2000
           S KIRK STUDSTRUP , JUSTICE
           POST-CONVICTION ASSIGNMENT ORDER FILED AND INCORPORATED HEREIN BY REFERENCE; CASE ASSIGNED
           TO THE REGULAR CRIMINAL DOCKET; CONDITIONAL APPOINTMENT OF COUNSEL; TIME LIMITS
           ESTABLISHED.  COPIES TO D.A. AND DEFT.  MOTION FOR APPOINTMENT OF COUNSEL AND CERTIFICATE
           OF PRISONER'S ACCOUNT MAILED TO DEFT.
03/29/2000 MOTION -  MOTION FOR APPOINTMENT OF CNSL FILED BY DEFENDANT ON 03/29/2000

           WITH FINANCIAL AFFIDAVIT AND CERTIFICATE OF PRISONER'S ACCOUNT.
04/12/2000 MOTION -  MOTION FOR APPOINTMENT OF CNSL GRANTED ON 04/11/2000
           JOHN R ATWOOD , JUSTICE
           COPY TO PARTIES/COUNSEL
04/12/2000 ATTORNEY -  APPOINTED ORDERED ON 04/11/2000

           Attorney:  E L'HOMMEDIEU
06/12/2000 POST CONVIC. REVIEW -  NOT AMENDING PCR PETITION FILED ON 06/12/2000

06/12/2000 OTHER FILING -  WITNESS LIST FILED BY DEFENDANT ON 06/12/2000

06/14/2000 MOTION -  MOTION FOR EXTENSION OF TIME FILED BY STATE ON 06/13/2000

           TO FILE ANSWER PURSUANT TO M.R.CRIM.P. 71.
06/14/2000 OTHER FILING -  TRANSCRIPT ORDER FILED ON 06/13/2000

           COPY TO COURT REPORTER AND ELECTRONIC RECORDING.  TRANSCRIPT IS FOR RULE 11 HEARING AND
           SENTENCING FROM CR 98-433.
06/15/2000 OTHER FILING -  COURT ORDER FILED ON 06/14/2000
           DONALD H MARDEN , JUSTICE
           COPIES TO PARTIES/COUNSEL
06/15/2000 MOTION -  MOTION FOR EXTENSION OF TIME GRANTED ON 06/14/2000

           COPY TO PARTIES/COUNSEL.  THE COURT HEREBY ORDERS THAT THE TIME FOR THE RESPONSE BE

Printed on: 03/10/2003

INCREASED TO 20 DAYS AFTER THE STATE RECEIVES THE TRANSCRIPT. THE STATE SHALL NOTIFY THE
CLERK, IN WRITING, WHEN THE TRANSCRIPT IS RECEIVED.
07/10/2000 OTHER FILING - OTHER DOCUMENT FILED ON 07/10/2000

LETTER FROM ADA. RUCHA ADVISING THAT THEY HAVE RECEIVED THE SENTENCING TRANSCRIPT AND WILL
NOTIFY THE COURT WHEN THE RULE 11 TRANSCRIPT IS FILED.
09/27/2000 OTHER FILING - TRANSCRIPT FILED ON 09/27/2000

TRANSCRIPT OF RULE 11 HEARING AND PROBATION REVOCATION HEARING ON 1/27/99 FILED BY JANETTE
COOK.
08/14/2001 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY STATE ON 08/14/2001

IN WHICH TO RESPOND TO DEFENDANT'S MOTION FOR DEFAULT.
08/14/2001 MOTION - OTHER MOTION FILED BY DEFENDANT ON 08/14/2001

MOTION FOR DEFAULT.
08/21/2001 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 08/20/2001
NANCY MILLS , SUPERIOR COURT CHIEF JUSTICE
COPY TO PARTIES/COUNSEL
08/21/2001 MOTION - OTHER MOTION DENIED ON 08/20/2001

COPY TO PARTIES/COUNSEL
08/21/2001 POST CONVIC. REVIEW - RESPONSE TO PETITION FILED ON 08/20/2001

08/24/2001 MOTION - MOTION TO DISMISS FILED BY STATE ON 08/21/2001

08/24/2001 OTHER FILING - OTHER DOCUMENT FILED ON 08/23/2001

ANSWER TO STATE'S MOTION FOR EXTENSION OF TIME.
09/12/2001 OTHER FILING - OTHER DOCUMENT FILED ON 09/12/2001

ANSWER TO STATE'S MOTION TO DISMISS BY E.CHRIS L'HOMMEDIEU, ESQ.
10/15/2001 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 10/15/2001

10/24/2001 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 10/15/2001

Attorney: E L'HOMMEDIEU
10/24/2001 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 10/16/2001
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
10/25/2001 ATTORNEY - WITHDRAWN ORDERED ON 10/16/2001

Attorney: E L'HOMMEDIEU
10/25/2001 ATTORNEY - APPOINTED ORDERED ON 10/16/2001

Attorney: ROBERT ABBOTT
10/31/2001 ATTORNEY - WITHDRAWN ORDERED ON 10/31/2001

Attorney: ROBERT ABBOTT
10/31/2001 ATTORNEY - APPOINTED ORDERED ON 10/31/2001

Attorney: JOHN FRANKENFIELD
11/01/2001 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 10/25/2001

ROBERT ABBOTT REQUESTING TO WITHDRAW

11/01/2001 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 10/01/2001

COPY TO PARTIES/COUNSEL

07/16/2002 POST CONVIC. REVIEW - PCR CONFERENCE SCHEDULED FOR 08/12/2002 @ 8:30

08/12/2002 POST CONVIC. REVIEW - PCR CONFERENCE HELD ON 08/12/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: THOMAS GOODWIN
DA: PAUL RUCHA
STATE'S MOTION TO DISMISS PENDING TO BE SCHEDULED BEFORE ANOTHER JUSTICE BEFORE BEING PUT
ON A LIST FOR HEARING ON MERITS.

08/12/2002 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 08/12/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: THOMAS GOODWIN
DA: PAUL RUCHA

08/14/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY DEFENDANT ON 08/14/2002

DEF MILLER FILES MOTION TO WITHDRAW AND FOR LEAVE FOR THE APPOINTMENT OF SUBSTITUTE
COUNSEL.

08/15/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 08/15/2002

FILED BY THOMAS GOODWIN.

08/20/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL MOOT ON 08/15/2002
S KIRK STUDSTRUP , JUSTICE
Attorney: THOMAS GOODWIN
JUSTICE GRANTED DEFENDANT'S MOTION TO HAVE THIS ATTORNEY WITHDRAW.

08/20/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 08/15/2002
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL. COPIES MAILED TO AARON MILLER AND ATTORY GOODWIN ON 8/20/02.

09/27/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 09/27/2002

ANDREWS CAMPBELL MOVES TO WITHDRAW AS COUNSEL. MR. CAMPBELL IS EXTRAORDINARILY BUSY AND
CANNOT GIVE THE MOTION THE ATTENTION IT DESERVES. RANDY L. ROBINSON AN ASSOCIATE IN
ATTORNEY CAMPBELL'S OFFICE IS PREPARED TO ACCEPT REPRESENTATION OF PETITIONER. THE
POSITION OF RESPONDENT'S COUNSEL, PAUL RUCHA, IS NOT KNOWN.

09/27/2002 MOTION - MOTION FOR APPOINTMENT OF CNSL FILED BY PETITIONER ON 09/27/2002

09/30/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 09/27/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL

09/30/2002 MOTION - MOTION FOR APPOINTMENT OF CNSL GRANTED ON 09/27/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL

12/30/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL FILED BY COUNSEL ON 12/30/2002

Attorney: RANDY ROBINSON
DEF REQUESTS ATTORNEY WITHDRAW.

12/31/2002 MOTION - MOTION FOR WITHDRAWAL OF CNSL DENIED ON 12/30/2002
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL. INSUFFICIANT BASIS, DEFENDANT CAN'T DISCHARGE COURT APPOINTED
COUNSEL.

01/02/2003 HEARING - CONFERENCE SCHEDULED FOR 01/09/2003

NOTICE TO PARTIES/COUNSEL
01/02/2003 HEARING - CONFERENCE NOTICE SENT ON 12/10/2002

01/02/2003 WRIT - HABEAS CORPUS TO TESTIFY ISSUED ON 01/02/2003

CERTIFIED COPY TO SHERIFF DEPT.
01/21/2003 HEARING - CONFERENCE HELD ON 01/09/2003
DONALD H MARDEN , JUSTICE
Attorney: RANDY ROBINSON
DA: PAUL RUCHA          Reporter: CASE ENOCH
Defendant Present in Court

PETITIONER'S MOTION FOR ENLARGEMENT IS GRANTED; PETITIONER WILL FILE AMENDED PETITION NO
LATER THAN JANUARY 20, 2003; RESPONDENT'S MOTION TO DISMISS WILL BE HEARD JANUARY 28,2003.
01/21/2003 WRIT - HABEAS CORPUS TO TESTIFY REMANDED ON 01/09/2003

01/21/2003 MOTION - MOTION FOR ENLARGEMENT OF TIME FILED BY DEFENDANT ON 01/09/2003

01/21/2003 MOTION - MOTION FOR ENLARGEMENT OF TIME GRANTED ON 01/09/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL, PETITIONER'S MOTION FOR ENLARGMENT IS GRANTED; PETITIONER WILL
FILE AMENDED PETITION NO LATER THAN JANUARY 20, 2003; RESPONDENT'S MOTION TO DISMISS WILL
BE HEARD JANUARY 28, 2003.
01/21/2003 POST CONVIC. REVIEW - ORDER RESULTING FROM PCR CONF FILED ON 01/09/2003
DONALD H MARDEN , JUSTICE
PETITIONER'S MOTION FOR ENLARGEMENT IS GRANTED; PETITIONER WILL FILE AMENDED PETITIONNO
LATER THAN JANUARY 20, 2003; RESPONDENT'S MOTION TO DISMISS WILLBE HEARD JANUARY 28, 2003
AT 1:00 P.M.
01/21/2003 SUPPLEMENTAL FILING - AMENDED PETITION FILED ON 01/21/2003

01/21/2003 SUPPLEMENTAL FILING - AMENDED PETITION SENT TO STATE ON 01/21/2003

03/10/2003 MOTION - MOTION TO DISMISS GRANTED ON 03/10/2003
DONALD H MARDEN , JUSTICE
COPY TO PARTIES/COUNSEL
03/10/2003 MOTION - MOTION FOR WITHDRAWAL OF CNSL GRANTED ON 10/16/2001
S KIRK STUDSTRUP , JUSTICE
COPY TO PARTIES/COUNSEL
03/10/2003 HEARING - MOTION TO DISMISS HELD ON 01/28/2003
DONALD H MARDEN , JUSTICE
Attorney: RANDY ROBINSON
DA: PAUL RUCHA          Reporter: PEGGY STOCKFORD
Defendant Present in Court

HEARING ON STATE'S MOTION TO DISMISS.
03/10/2003 MOTION - MOTION TO DISMISS UNDER ADVISEMENT ON 01/28/2003
DONALD H MARDEN , JUSTICE
03/10/2003 FINDING - GRANTED ENTERED BY COURT ON 03/10/2003
DONALD H MARDEN , JUSTICE
RESPONDENT'S MOTION TO DISMISS PETITION IS GRANTED.

A TRUE COPY
ATTEST:  _____
                        Clerk

Printed on: 03/10/2003